IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TONYA S.,[1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:24-CV-00942-BU |
| LELAND DUDEK,[2] | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

For the reasons explained below, the undersigned ORDERS that the decision of the Commissioner of Social Security (the Commissioner) denying Plaintiff's application for Disability Insurance Benefits (DIB) be REVERSED and this case be REMANDED to the Commissioner for further proceedings.

## I. JURISDICTION

The Court has subject matter jurisdiction under 42 U.S.C. § 405(g) because Plaintiff seeks judicial review of the final decision of the commissioner. Venue is proper in the United States District Court, Northern District of Texas, Dallas Division because Plaintiff

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in Social Security cases, Plaintiff is identified only by first name and last initial.

[2] Although Martin O'Malley was the Acting Commissioner at the time this action was filed, the current Acting Commissioner, Leland Dudek, is "automatically substituted as a party" by operation of law. Fed. R. Civ. P. 25(d); *see also* 45 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

1

resides in Ellis County, Texas. 42 U.S.C. § 405(g). The undersigned has the authority to enter this Order and exercise the full authority of this Court after the parties consented to the undersigned exercising jurisdiction. *See* Special Order No. 3-350 (N.D. Tex. Sept. 11, 2023).[3]

## II. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Tonya S. seeks judicial review of a final adverse decision of the Commissioner under 42 U.S.C. § 405(g). Dkt. No. 1. On May 25, 2021, Plaintiff filed applications for DIB, alleging a disability onset date of April 28, 2017. Dkt. No. 1 at 2. The application was denied initially and on reconsideration. Tr. 94–98. Plaintiff requested a hearing before an Administrative Law Judge. *See* Tr. 109. The hearing was held on June 23, 2023. Tr. 30. On October 12, 2023, the ALJ issued a decision denying benefits and finding Plaintiff was "not disabled" within the meaning of the Act from her alleged onset date of disability through the expiration of her Title II insured status on December 31, 2022. Tr. 13–29. Plaintiff sought administrative review, which the Appeals Council denied on February 12, 2024. Tr. 1. Thus, the ALJ's decision is the final decision of the Commissioner. Tr. 1.

---

[3] Consent is implied when "the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case before the [m]agistrate [j]udge." *See Roell v. Withrow*, 538 U.S. 580, 123 S. Ct. 1696, 155 L. Ed. 2d 775 (2003). All parties received a notice of consent form on April 17, 2024 stating "[f]ailure to complete and return the form within twenty-one (21) days of commencement of the case will be deemed consent to the jurisdiction of the Magistrate Judge." *See* Dkt. No. 3. All parties either expressly consented or are deemed to have consented, by failing to either return the form within twenty-one (21) days or withdraw consent before continuing to brief and litigate a dispositive matter in front of the undersigned. *See* Dkt. Nos. 8, 11, 14.

In addition to various physical impairments, the ALJ's decision found that Plaintiff had a severe impairment of bi-polar disorder. *See* Tr. 19–20. After considering the combined impairments, the ALJ determined that Plaintiff:

> had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), with additional limitations as follows: She could occasionally climb ladders, ropes, and scaffolds, but never crawl. She could occasionally reach overhead with the left upper extremity, and frequently reach in all other directions with the left upper extremity. Additionally, she could not work in bright lighting, such as direct sunlight, stage or stadium lighting. Further, she could not work in close proximity to moving mechanical parts of equipment, tools, or machinery or in high, exposed places. In terms of mental limitations, the claimant could understand, remember and carry out simple instructions, but could not perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas. She could deal with occasional changes in a routine work setting. Lastly, she could have no interactions with the public, and could have occasional interactions with co-workers and supervisors.

Tr. 18–19.

Also contained in the record are various Global Assessment of Functioning scores given by Southern Area Behavioral Healthcare (SABH).[4] *See,* e.g., Tr. 296. These scores show decreases in functioning for periods in 2018 and 2019.

After determining the RFC, the ALJ found that jobs existed in the national economy that Plaintiff could perform and was, therefore, not disabled within the meaning of the Act. Tr. 25. The ALJ did not make a specific determination that Plaintiff was able to maintain work for a sustained period.

---

[4] The Global Assessment of Functioning Scale "[c]onsiders psychological, social and occupational functioning on a hypothetical continuum of mental health–illness." American Psychiatric Association, *Diagnostic and statistical manual of mental disorders*, 34 (4th ed., text rev.) (2000) (hereinafter "DSM-IV").

### III. LEGAL STANDARDS

To be entitled to Social Security benefits, a claimant must show that they are disabled within the meaning of the Act. *Leggett v. Chater*, 67 F.3d 558, 563–64 (5th Cir. 1995); *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990). Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

Although a claimant bears the burden of establishing whether they meet the requirements for a disability, an ALJ's finding that a claimant has not satisfied their burden must be based on substantial evidence. *See, e.g.*, *Belk v. Colvin*, 648 F. App'x 452 (5th Cir. 2016) (per curiam). And judicial review of the Commissioner's decision to deny benefits is limited to determining whether that decision is supported by substantial evidence and whether the proper legal standards were applied to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Substantial evidence means more than a scintilla, but less than a preponderance. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a responsible mind might accept to support a conclusion." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000). While a reviewing court must scrutinize the administrative record to ascertain whether substantial evidence supports the Commissioner's findings, it may not reweigh the evidence, try issues de novo, or substitute its own judgment for that of the Commissioner. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Hollis v.*

*Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). "If the Commissioner's findings are supported by substantial evidence, then the findings are conclusive and the Commissioner's decision must be affirmed." *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995) (citing 42 U.S.C. § 405(g)). A reviewing court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923.

In evaluating a disability claim, the Commissioner has promulgated a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in Appendix 1 of the Social Security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity. *See* 20 C.F.R. § 404.1520; *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007).

Under the first four steps of the analysis, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. Once the claimant satisfies their initial burden, the burden shifts to the Commissioner at step five to show that there is other gainful employment in the national economy that the claimant is capable of performing. *Greenspan*, 38 F.3d at 236. If the Commissioner shows that other jobs are available to the claimant, the burden of proof shifts back to the claimant to rebut such a finding. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). "A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987); *see also* 20 C.F.R. § 404.1520(a)(4).

## IV. DISCUSSION

Plaintiff argues that the ALJ committed legal error because the ALJ did not consider whether the waxing and waning nature of Plaintiff's condition allowed Plaintiff to maintain employment. The Commissioner does not dispute the waning and waxing nature of Plaintiff's condition, or whether the ALJ made a specific determination that Plaintiff can maintain employment. *See* Dkt. No. 11 at 5–6. Instead, the Commissioner only disputes whether the ALJ was required to make that determination. *Id.* Per the Commissioner, requiring such an explicit review is too "rigid" an approach. *Id.* at 3–9. For the reasons below, the Court disagrees and finds in favor of Plaintiff. Because this error alone demands remand, the other issues raised in the briefing are not reached.

"A finding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that [s]he can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job [s]he finds for a significant period of time." *Singletary v. Bowen*, 798 F.2d 818, 822 (5th Cir. 1986). This requirement applies to cases involving mental impairments as well as physical impairments. *Watson v. Barnhart*, 288 F.3d 212, 217–18 (5th Cir. 2002). However, this finding does not have to be explicit, and in most cases, "the claimant's ability to maintain employment is subsumed in the RFC determination." *Perez v. Barnhart*, 415 F.3d 457, 465 (5th Cir. 2005). In these situations, the ALJ is not required to make distinct findings that the claimant can maintain employment over a sustained period. *See Singletary*, 798 F.2d at 822 (citing *Frank v. Barnhart*, 326 F.3d 618, 619 (5th Cir. 2003)); *see also id.*

6

But in "a situation in which, by its nature, the claimant's [impairment] waxes and wanes in its manifestation of disabling symptoms," *Singletary* and *Watson* require the ALJ to make a specific determination as to the claimant's ability to perform work 'on a regular and continuing basis.' *Perez*, 415 F.3d at 465; 20 C.F.R. § 404.1545(c); SSR 96-8P, *S.S.R. Cum. Ed.*, (July 2, 1996); *see also Zenteno v. Comm'r of Soc. Sec. Admin.*, 2023 WL 6300582, at *7 (N.D. Tex. Sept. 27, 2023) (citing *Frank*, 326 F.3d at 619).

A duty to make this specific further finding is not triggered merely by evidence of the claimant experiencing "good days and bad days." *Perez*, 415 F.3d at 465. But bi-polar disorder, which "[b]y its very nature . . . fluctuates between manic and depressive states with periods of apparent stability," is not merely the experiencing of good days and bad days. *Cline v. Astrue,* 577 F. Supp. 2d 835, 850 (N.D. Tex. 2008) (citing DSM-IV at 386). As *Singletary* points out:

> Unlike a physical impairment, it is extremely difficult to predict the course of mental illness. Symptom free intervals, though sometimes indicative of a remission in the mental disorder, are generally of uncertain duration and marked by an impending possibility of relapse. Realistically, a person with a mental impairment may be unable to engage in competitive employment, as his ability to work may be sporadically interrupted by unforeseeable mental setbacks.

798 F.2d at 821 (quotation omitted).

There is no dispute that Plaintiff has bi-polar disorder. Also, the GAF scores from SABH further show that Plaintiff's condition waxes and wanes. Nevertheless, the Commissioner argues that the ALJ was not required to make a specific finding on Plaintiff's ability to maintain employment under these circumstances. Dkt. No. 11 at 5. While this might be true in some situations, it is not true here.

7

Because the ALJ's RFC determination does not include the necessary finding, the ALJ committed legal error. *See Frank*, 326 F.3d at 619; *Moore v. Sullivan*, 895 F.2d 1065, 1069–70 (5th Cir. 1990). The Fifth Circuit has left this Court with no discretion to determine whether this error is harmless. When the ALJ "has relied on erroneous legal standards in assessing the evidence, [the ALJ] must reconsider that denial." *Moore*, 895 F.2d at 1070 (quotation omitted). Because this alone demands remand, the Court does not reach the other issues presented by the briefing.

## VI. CONCLUSION

For the reasons stated above, the Court ORDERS that the decision of the Commissioner denying Plaintiff's application for Disability Income Benefits be REVERSED and this case REMANDED to the Commissioner for further proceedings.

ORDERED this 6th day of June 2025.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE